Harold J. Craweord, J.
In a taxpayer’s action to declare unconstitutional, invalid and contrary to law section 5 of chapter 369 of the Laws of 1959, and Local Law No. 343 of 1959 of the City of New York, insofar as said laws purport to empower the City of New York to impose and collect a tax of 10 cents on each trip or use of a taxicab, plaintiff moves for a temporary injunction restraining the defendants, constituting the Board of Estimate of the City of New York and the Treasurer of said city, from imposing and collecting the said tax.
The validity of the State Enabling Act and the Local Law is challenged on nine grounds, one of which, dealing with the claim that the Enabling Act was passed in violation of section 14 of article III of the Constitution of the State of New York, was withdrawn upon the oral argument, since it appeared that the Governor had, in fact, sent a message of necessity.
The Enabling Act became law on April 13, 1959. On June 24, 1959, the Administrative Code of the City of New York was *1031 amended so as to add thereto the so-called “ Taxicab Tax.” The order to show canse initiating this motion for a temporary injunction was signed on June 26, 1959, and was returnable on June 30, 1959, on which latter day the motion was argued and submitted with the request that an early disposition be made, since the effective date of this law is July 1, 1959.
In the short time thus afforded to study and consider the various grounds urged for declaring this enactment invalid, the court has reached the conclusion that .the plaintiff has not “ * shown beyond reasonable doubt that it conflicts with the fundamental law ’ ”. (Matter of Fay, 291 N. Y. 198, 206-207.) As was stated by our Court of Appeals in Johnson v. City of New York (274 N. Y. 411, 430): “It has been our repeated admonition that legislation should not be declared unconstitutional unless it clearly appears to be so; all doubts should be resolved in favor of the constitutionality of- an act. This court has repeatedly stated that the wisdom of legislation is not for us to determine.”
The foregoing applies particularly to a situation such as this, where a court of original jurisdiction is called upon to declare a legislative enactment invalid by way of the drastic remedy of a temporary injunction where the invalidity asserted is not plain and patent.
The motion is, accordingly, denied. Submit order.